## Gatliff v. Johnson.

. (Decided October 13, 1910.)

### Appeal from Whitley Circuit Court.

Pleading and Practice—Burden of Proof—Instructions.—Where the gist of an action is the unlawful taking of plaintiff's timber and his title is denied, the fact that no rejoinder was filed to the reply, pleading where the patent ran, did not entitle the plaintiff to a judgment on the pleadings. When the plaintiff introduced no evidence on the trial, the court properly instructed the jury to find for the defendant, as the burden was on the plaintiff to show title to the timber.

E. L. STEPHENS for appellant.

GEORGE P. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

A. Gatliff brought this action against Henry Johnson. He alleged in his petition that he was the owner of a certain tract of land, and that the defendant had cut from this land fifty-five trees which he had sawed into lumber. He waived the trespass and asserted ownership of the lumber, and prayed judgment for it and damages for its detention. The defendant by his answer pleaded that he owned a certain boundary of land described in the answer and alleged that the lumber sued for was cut from trees growing on it; he denied that the plaintiff was the owner of the lumber or any part of it. The boundary of the plaintiff's land as given in the petition called for a line of the Benjamin Hamlin patent. The boundary of the defendant's land as given in his answer called for the same line of the same patent. The plaintiff filed a reply in which he alleged that he was the owner of the land lying east of the patent line, and that the timber sued for was cut east of that line; that the patent course and distance were incorrect as given in the patent, but that if the line was run from one corner to the other, all the timber sued for would be on the east side of the line. No rejoinder was filed. The case coming on for hearing, the plaintiff was out of the state. His attorney filed an affidavit for a continuance. The court overruled the motion. The plaintiff then moved the court for judgment in his favor on the pleadings. The court overruled this motion. The plain-

tiff declining to introduce any evidence, the court instructed the jury peremptorily to find for the defendant. The jury having returned a verdict, the court entered a judgment dismissing the plaintiff's petition. The plaintiff appeals.

The affidavit for a continuance was insufficient. No reason was shown why the plaintiff was not present except that he was detained in Knoxville on important business. The witness whose absence was relied on was G. W. Sproule, but no subpoena had been issued for him; and although he was temporarily in Leslie county, as he lived in Whitley, the subpoena might have been sent to Leslie, and served.

The circuit court did not err in refusing to enter judgment for the plaintiff on the pleadings. The plaintiff sued for certain lumber which he alleged he owned. The defendant denied that the plaintiff owned the lumber, and alleged that it was his. This was the issue in the case. The petition and answer set out the boundary of land that each claimed to conform to the requirements of the Code; but the gist of the action being the unlawful taking of the plaintiff's timber, and his title to it being denied, the fact that no rejoinder was filed to the reply, did not entitle the plaintiff to a judgment on the pleadings. The affirmative matter in the reply was only an affimative statement of that which was covered by the previous part of the reply controverting the allegations of the answer. When the plaintiff introduced no evidence on the trial, the court properly instructed the jury to find for the defendant, as the burden of proof was on the plaintiff to show title to the timber.

We cannot notice the matters set out in the additional grounds for new trial, as no affidavits were filed sustaining those grounds. Where surprise is relied on as ground for new trial, the facts must be shown by proof or the matter cannot be considered on appeal.

Judgment affirmed.